## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**TERRI ANN ROBINSON**                                         **PETITIONER**

**v.**                                         **No. 4:25CV76-SA-JMV**

**STATE OF MISSISSIPPI**                                         **RESPONDENT**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Terri Ann Robinson for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved [8] to dismiss the petition with prejudice for failure to state a claim and as untimely filed. The petitioner has not responded to the motion; the deadline to do so has expired, and the matter is ripe for resolution. For the reasons set forth below, the State's motion [8] will be granted, and the instant petition for writ of *habeas corpus* will be dismissed as untimely filed and for failure to state a claim upon which relief could be granted.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2254

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789.

*Habeas corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id.* Under 28 U.S.C. § 2254, a federal court may issue the writ when a person is held in violation of the *federal* Constitution or laws, permitting a federal court to order the discharge of any person held by a *state* in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 59 L. Ed. 969 (1915).

## Facts and Procedural Posture[1]

In her petition for writ of *habeas corpus*, Terri Ann Robinson challenges her 2012 murder plea and resulting life sentence without parole in the Washington County Circuit Court. Doc. 1. For relief, she requests "a parole date." Doc. 1 at 15.

### Plea and Sentence

Robinson is in the custody of the Mississippi Department of Corrections (MDOC) and is currently housed at the Delta Correctional Facility (DCF) in Greenwood, Mississippi. She was indicted for murder in September 2011. Doc. 7-1 at 19 (SCR, Cause No. 2011-0168, Doc. 5). On March 26, 2012, Robinson filed a petition to plead guilty to the murder charge. **Exhibit A**; Doc. 7-1 at 73–76 (SCR, Cause No. 2011-0168, Doc. 91). She averred that "[o]n or about March 1, 2011, in Washington

---

[1] The court has drawn the facts and procedural posture from the State's motion to dismiss the instant petition for writ of *habeas corpus*, as they are both well-documented and uncontested.

County, [she] did unlawfully and willfully kill Triston Robinson." **Exhibit A**; Doc. 7-1 at 73 (SCR, Cause No. 2011-0168, Doc. 91). She also stated in her plea petition that she was "mentally competent" and "request[ed that] the [c]ourt [ ] allow [her] to enter a plea of guilty to [murder]." **Exhibit A**; Doc. 7-1 at 73 (SCR, Cause No. 2011-0168, Doc. 91).[2]

On April 2, 2012, the trial court determined that Robinson's plea "was knowingly, willingly, and voluntarily given" and accepted it (with a filing date of April 3, 2012). **Exhibit B**; Doc. 7-1 at 77 (SCR, Cause No. 2011-0168, Doc. 92) (Sentencing Order). Thus, Robinson was indicted for – and pled guilty to – the crime of deliberate design murder under Miss. Code Ann. § 97-3-19(1). *See id.* (Sentencing Order); **Exhibit B**; Doc. 7-1 at 19 (SCR, Cause No. 2011-0168, Doc. 5) (Indictment).

The trial court sentenced Robinson to serve a term of life in MDOC custody on her murder plea. **Exhibit B**; Doc. 7-1 at 77 (SCR, Cause No. 1 2011-0168, Doc. 92). The court had no discretion regarding the sentence, as the only available punishment for murder *at the time* was imprisonment for life: "Every person who shall be convicted of murder shall be sentenced by the court to imprisonment for life in the State Penitentiary." JURIES—SENTENCING AUTHORITY—CAPITAL OFFENSE CASES, 1994 Miss. Laws Ch. 566 (H.B. 114) (revisions to Miss. Code Ann. § 97-3-21). The punishment is the same under the *current* statute. *See* Miss. Code Ann. § 97-3-21(1)(a).

In addition, based on the sentencing statute in effect at the time, Robinson was not eligible for parole on her conviction for murder: "No person shall be eligible for parole who is convicted … after June 30, 1995 [except for non-violent crimes.]" CRIMES—OFFENSE OF ASSAULT—REVISION,

---

[2] Robinson's mental health was initially an issue in the case. In March 2012, counsel requested a mental evaluation and filed a notice of intent to offer an insanity defense at trial. Doc. 7-1 at 72 (SCR, Cause No. 2011-0168, Doc. 78). However, in response, the State planned to contest the insanity defense, filing a notice of "the right to call as a witness in the State's case in chief" persons listed in the file containing "MS State Hospital discharge records." Doc. 7-1 at 83 (SCR, Cause No. 2011-0168, Doc. 100). Robinson decided not to raise the defense, and her decision to plead guilty resolved the issue.

2010 Miss. Laws Ch. 536 (S.B. 2923) (2010 revisions to Miss. Code Ann. § 97-3-19). Under the 2010 amendments to that statute (effective at the time), homicide is a violent crime. *Id*. Mississippi's current parole eligibility statute likewise does not permit parole for first degree murder (defined the same as deliberate design murder, the crime of her conviction): "No person sentenced for murder in the first degree, whose crime was committed on or after June 30, 1995 … as defined in Section 97-3-19[, the murder statute], shall be eligible for parole." Miss. Code Ann. § 47-7-3(1)(d). Hence, based upon the statutes in place at the time of Robinson's conviction and sentence (as well as the current statutes), the only punishment available for Robinson's deliberate design murder conviction was life imprisonment without the possibility of parole.

### State Post-Conviction Proceedings

Robinson never sought post-conviction relief on her plea and sentence. *See* Docs. 7, *et seq.* Instead, on April 6, 2018, six years after her plea, she filed a letter requesting a copy of her sentencing order. Doc. 7-1 at 85 (SCR, Cause No. 2011-0168, Doc. 92). The docket and the Washington County Circuit Court Clerk's Office both confirm that a copy of Robinson's sentencing order was mailed to her on the same date. Doc. 7-1 at 6 (SCR, Cause No. 2011-0168, Doc. 102).

Robinson then waited an additional five years to submit another request for documents from the circuit court clerk's office on March 21, 2023. Doc. 7-1 at 87 (SCR, Cause No. 2011-0168, Doc. 105) (letter requesting copies of the "motion of discovery," "sentencing order," and "plea agreement"). The docket and the Washington County Circuit Court Clerk's Office both confirm that copies of the requested documents were mailed to Robinson on that day. Doc. 7-1 at 6 (SCR, Cause No. 2011-0168, Doc. 105).

### Federal Petition for Writ of *Habeas Corpus*

Robinson filed her *pro se* federal petition for writ of *habeas corpus* in this court on June 6, 2025.

- 4 -

Doc. 1.   She did not date her signed petition.   *Id*. at 14.   She also did not specify her grounds for relief in the petition; instead, she states only that "[she] took a plea [she] didn't understand" and did not understand that it was in exchange for a life sentence.   Doc. 1 at 1.   Robinson contends that "they said [she] was going to get life with parole[,] and they also said if [she] didn't take the plea [she] would get the death penalty."   Doc. 1 at 1.

On the timeliness issue, Robinson alleges that "[she] didn't know that [she] could" seek relief "or [that she] she had to file for a petition because from [her] understanding[, she] was given a plea for life with parole[.]"   Doc. 1 at 13.   She alleges that "[she] was told if [she] didn't take [the plea] or took it to trial[, she] would receive the death penalty."   Doc. 1 at 13.

For relief, Robinson requests "a parole date."   Doc. 1 at 14.   She also attaches a statement, offering reasons why she believes she "should get a parole date."   Doc. 1 at 15 (citing turmoil at home, completion of alcohol and drug programs, earning her GED, pain of living without her child, and an alleged "sever[e] mental disability at the time" that caused her to "hear[ ] voices and see[ ] things that weren't there").   Robinson alleges that she is currently "on [her] medication for [her] mental illness and [ ] take[s] it every day."   Doc. 1 at 15.

Ultimately, it appears that Robinson challenges the finding that she is not eligible for parole – and challenges the finding that she entered her plea knowingly and voluntarily.   As discussed below, a challenge to her parole eligibility does not constitute a valid *habeas corpus* claim, and any substantive challenge to her conviction and sentence is untimely.

### Robinson's Challenge Regarding Parole Eligibility
### Fails to State a Valid *Habeas Corpus* Claim

A person in state custody may seek federal *habeas corpus* relief "only on the ground that [s]he is in custody in violation of the Constitution or laws or treaties of the United States." *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983) (internal quotation marks omitted); 28 U.S.C. § 2254(a). As such, a *habeas corpus* petitioner must allege that she has been "deprived of some right secured to [her] by the United States Constitution or the laws of the United States." *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984). If a petitioner has not alleged a deprivation of any such right, she has failed to state a claim for *habeas corpus* relief. *Id.*

As Robinson has not alleged deprivation of a constitutional right, she has not stated a valid claim for *habeas corpus* relief. There is no inherent or constitutionally recognized right to parole. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1 (1979). "When a state has a system of *mandatory* parole, a liberty interest exists that implicates the procedural guarantees of the Due Process Clause." *Wansley v. Miss. Dep't of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014) (emphasis added). "[When] the state holds out the *possibility* of parole[, it] provides no more than a mere hope that the benefit will be obtained." *Davis v. State*, 429 So. 2d 262, 263 (Miss. 1983). Mississippi parole statutes do not create any constitutionally protected liberty interest because parole in Mississippi is *discretionary*. *See Smith v. Mississippi Parole Bd.*, 478 F. App'x 97, 99 (5th Cir. 2012); *Scales v. Mississippi State Parole Bd.*, 831 F.2d 565, 566 (5th Cir. 1987); *Irving*, 732 F.2d at 1216. Robinson thus has no cognizable claim for federal *habeas corpus* relief regarding her request for parole eligibility.

In addition, Robinson's claim fails on the merits. In her petition to plead guilty, after admitting the facts of the crime, Robinson acknowledged that she understood the minimum and maximum sentence possible (life). **Exhibit B**; Doc. 7-1 at 73-74 (SCR, Cause No. 2011-0168, Doc. 91). Robinson's counsel also certified having "explained the maximum and minimum penalties for each

- 6 -

count to [Robinson] and consider[ed] … her competent to understand the subject charges and the effect of this petition to enter a plea of guilty." *Id.* at 76. After observing her during criminal proceedings and reviewing the plea petition and accompanying documents, the trial court found Robinson's plea to be "knowingly, willingly, and voluntarily given" – and thus accepted her guilty plea to murder. *Id.*; Doc. 7-1 at 77 (SCR, Cause No. 2011-0168, Doc. 92). The trial court thus correctly sentenced Robinson to life imprisonment in MDOC—the only sentence available for murder.[3] Also, as discussed in detail above, at the time of sentencing, a life sentence for murder in Mississippi must be served without the possibility of parole. *See* CRIMES—OFFENSE OF ASSAULT—REVISION, 2010 Miss. Laws Ch. 536 (S.B. 2923) (revisions to Miss. Code Ann. § 47-7-3).

### One-Year Limitations Period

Robinson alleges that she did not understand her plea agreement – and did not understand that the State offered the plea in exchange for a life sentence. Doc. 1, p. 1. Robinson contends that "they said [she] was going to get life with parole[,] and they also said if [she] didn't take the plea [she] would get the death penalty." Doc. 1 at 1. However, any substantive challenge to her plea and sentence is untimely filed and must be dismissed with prejudice. *See* 28 U.S.C. § 2244(d)(1).

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

　　(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[3] *See* JURIES—SENTENCING AUTHORITY—CAPITAL OFFENSE CASES, 1994 Miss. Laws Ch. 566 (H.B. 114) (imprisonment for life as the only punishment at time of conviction and sentencing); *see also* Miss. Code Ann. § 97-3-21(1)(a) (imprisonment for life as the only punishment at present).

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Thus, unless the exceptions of § 2244(d)(1)(B-D) apply, under the Antiterrorism and Effective Death Penalty Act (AEDPA), the petitioner must file her *habeas corpus* petition within one year of the date her judgment of conviction becomes final – subject to tolling while a properly filed motion for post-conviction collateral relief is pending in state court.[4]   As discussed below, Robinson did not file her petition for writ of *habeas corpus* by the deadline.

**Robinson's Plea and Sentence Became Final on July 2, 2012.**

On April 3, 2012, the trial court filed Robinson's judgment of conviction and sentenced her on her plea.   **Exhibit B**; Doc. 7-1 at 77 (SCR, Cause No. 1 2011-0168, Doc. 92).   Under state law, there is no direct appeal from a guilty plea.   *See* Miss. Code Ann. § 99-35-101.   However, under Fifth Circuit precedent, a Mississippi petitioner's guilty plea becomes final under AEDPA

---

[4] The exceptions of § 2244(d)(1)(B–D) do not apply in the present case.   There was no impediment to filing under § 2244(d)(1)(B), nor has the petitioner identified a newly recognized constitutional right made retroactive on collateral review – or alleged the existence of a factual predicate to impact the limitations period under § 2244(d)(1)(C)–(D).

ninety days after sentencing on his plea—at the expiration of the deadline for seeking direct review of the guilty plea in the Supreme Court. *See Wallace v. Mississippi, et al.*, 43 F.4th 482, 497–501 (5th Cir. 2022). Hence, Robinson's guilty plea and sentence became final under AEDPA on July 2, 2012 (April 3, 2012 + 90 days = July 2, 2012). *Id.*; *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (when a petitioner fails to seek certiorari review in the Supreme Court, "the judgment becomes final at the 'expiration of his time for seeking such review'—when the time for pursuing direct review in [the Supreme Court], or in the state court, expires"). Hence, in the absence of statutory or equitable tolling, the deadline for Robinson to seek federal *habeas corpus* relief became July 2, 2013 (July 2, 2012 + 1 year). As discussed below, however, neither statutory nor equitable tolling apply.

### Statutory Tolling Does Not Apply

Robinson is not entitled to statutory tolling of her one-year federal *habeas corpus* limitations period under 28 U.S.C. § 2244(d)(2) as she did not file a state PCR motion before July 2, 2013 – the expiration of the limitations period. *Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (statutory tolling was not available because the petitioner "never 'properly filed' a state [PCR] application during the limitations period").

Further, her requests for records do not constitute a challenge to "the pertinent judgment" – and thus do not toll the limitations period as to that judgment. *See* 28 U.S.C. § 2244(d)(2); *see also Thompson v. McClure*, No. 1:22CV129-SA-RP, 2023 WL 7391498, at *4 (N.D. Miss. Nov. 8, 2023) (citing *Hutson v. Quarterman*, 508 F.3d 236, 238 (5th Cir. 2007)) (a motion for records, transcripts, and discovery is not a "properly filed" motion under § 2244(d)(2) because it does not seek review of the judgment under which the petitioner was incarcerated). In any event, Robinson filed her requests for records on April 6, 2018 and July 2, 2013; hence, she requested those

documents long *after* her federal limitations period expired. Put simply, one cannot toll an expired limitations period. *See* 28 U.S.C. § 2244(d)(1)–(2); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

For these reasons, Robinson is not entitled to statutory tolling for either of her requests for records under § 2244(d)(2), and her federal petition for writ of *habeas corpus* remained due in this court by July 2, 2013.

### Equitable Tolling Does Not Apply

Neither does the petitioner enjoy equitable tolling of the limitations period. "The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (per curiam) (internal quotations omitted). The one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2244(d) is not jurisdictional; thus, it is subject to equitable tolling. *Holland v. Fla.*, 560 U.S. 631, 645–46 (2010), *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002).

The decision whether to apply equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir. 2002) (per curiam). However, a court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Minter v. Beck,* 230 F.3d 663, 666–67 (4th Cir. 2000) ("[E]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted).

- 10 -

The petitioner bears the burden of establishing that equitable tolling is warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). To meet his burden, the petitioner must show "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way" of timely filing [her] § 2255 motion. *Lawrence v. Fla.*, 549 U.S. 327, 127 S.Ct. 1079, 1085 (2007) (applied in the context of the one-year limitations period under 28 U.S.C. § 2255).

The petitioner need only show "reasonable diligence, not maximum feasible diligence." *Holland v. Florida*, 560 U.S. 631, 653 (2010) (internal citations and quotations omitted). A petitioner's delay of four months can show that he has not diligently pursued his rights. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

Further, "ignorance of the law is [not] sufficient to justify equitable tolling." *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007) (internal quotation and citation omitted); *see also Felder v. Johnson*, 204 F.3d 168, 170 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 713-714 (5th Cir. 1999); *Alexander*, 294 F.3d at 629. Likewise, "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable time period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

A *pro se* prisoner's limited access to outside information does not constitute a "rare and exceptional" circumstance to excuse untimely filing. *Fisher*, 174 F.3d at 713–14. In *Fisher*, the court held that miscalculation of a *habeas corpus* limitations period, even by a *pro se* petitioner, is not grounds for equitable tolling – rejecting petitioner's claim that his confinement limited his ability to pursue his rights diligently, as "Congress knew AEDPA would affect incarcerated individuals with limited access to outside information". Similarly, proceeding *pro se* on federal

*habeas corpus* review is not a "rare and exceptional" circumstance because "it is typical of those bringing a § 2254 claim." *Felder*, 204 F.3d at 170.

In this case, Robinson alleges that she "didn't [kn]ow" about the one-year statute of limitations under 28 U.S.C. § 2244(d) or that she had to seek relief. Doc. 1 at 13. However, as discussed above, this allegation is insufficient to invoke equitable tolling of AEDPA's one-year limitations period because she cannot meet either requirement for that equitable relief. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (the burden to prove equitable tolling lies with the petitioner); *see also Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013).

### No Extraordinary Circumstance

Though "mental illness may warrant equitable tolling, a petitioner (i) must make a threshold showing of incompetence and (ii) must show that this incompetence affected h[er] ability to file a timely *habeas* petition." *Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013). Robinson has done neither. In this case, she presents only her bare allegation in support of her claim of mental illness, and such statements do not meet the equitable tolling standard. In addition, the record (including her own signed plea agreement) contradicts her claim.

First, Robinson asserted in her plea petition that she was "mentally competent" and "request[ed that] the [c]ourt [ ] allow [her] to enter a plea of guilty to [murder]." **Exhibit A**; Doc. 7-1 at 73–76 (SCR, Cause No. 2011-0168, Doc. 91). The plea petition identified both the maximum and minimum penalties for murder as "life." **Exhibit A**; Doc. 7-1 at 73 (SCR, Cause No. 2011-0168, Doc. 91). Counsel also averred that Robinson was "mentally and physically competent and there is no known condition which would affect the defendant's understanding of these proceedings." **Exhibit A**; Doc. 7-1 at 73–76 (SCR, Cause No. 2011-0168, Doc. 91).

- 12 -

The trial court then reviewed the plea agreement and counsel's certificate – observed Robinson during the proceedings – and likewise determined that Robinson's plea "was knowingly, willingly, and voluntarily given" and accepted it. **Exhibit B**; Doc. 7-1 at 77 (SCR, Cause No. 2011-0168, Doc. 92). The court thus finds that the trial court properly sentenced Robinson to serve a term of life in MDOC custody on her murder plea. **Exhibit B**; Doc. 7-1 at 77 (SCR, Cause No. 1 2011-0168, Doc. 92). For these reasons, Robinson's claim of mental illness does not rise to the level of an extraordinary circumstance sufficient to render her petition timely through equitable tolling.

### The Petitioner Did Not Show Due Diligence

Even if Robinson could show that an extraordinary circumstance stood in her way of timely filing her federal petition for writ of *habeas corpus*, she is not automatically entitled to equitable tolling—she must also prove that "[s]he pursued h[er] rights diligently." *Smith*, 848 F. App'x at 628 (citing *Holland*, 560 U.S. at 649); *Palacios v. Stephens*, 723 F.3d 600, 604–08 (5th Cir. 2013).

To prove diligence, Robinson must show that there was a "causal relationship between the extraordinary circumstance and h[er] delay," and this relationship "cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstance." *Smith*, 848 F. App'x at 628. "[E]quitable tolling is unavailable to 'those who sleep on their rights.'" *Huley v. Thaler*, 421 F. App'x 386, 390 (5th Cir. 2011) (citation omitted); *see also Melancon v. Keylo*, 259 F.3d 401, 408 (5th Cir. 2001) (a four-month delay in filing petition after a ruling in state court was not "expedient" and did not warrant equitable tolling).

The record reveals that Robinson did not diligently pursue her rights – and thus does not enjoy equitable tolling. She did not file a state PCR motion – and waited six years after her plea

and sentence to request records in her case.  *See Prater v. Hooper*, 2023 WL 2987571, *1 (5th Cir. Apr. 18, 2023) (citing *Jackson*, 933 F.3d at 411) (petitioner's delay of "almost a full year after his conviction became final [under AEDPA] strongly weighs against equitable tolling"). Robinson then waited another five years to submit her second records request – and over two more years to file the instant petition for writ of *habeas corpus*.

Robinson's delays totaling some 13 years reveal that she was not reasonably diligent in seeking collateral review of her plea and sentence – or in seeking federal *habeas corpus* relief. *See Palacios*, 723 F.3d at 604–08.  Robinson has not met her burden to show that she may enjoy equitable tolling, and her federal petition for writ of *habeas corpus* challenging her 2012 murder plea and resulting sentence remained due in this court by July 2, 2013.

### Timeliness Calculation

Under the prison "mailbox rule," the instant  *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court.  *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)).  In this case, the federal petition was filed sometime between the date it was signed and the date it was received and stamped as "filed" in this court on June 2, 2025.[5]  The instant petition was filed nearly 12 years after the July 2, 2013, filing deadline, and as discussed above, Robinson benefits neither from statutory nor equitable tolling.  Hence, the instant petition for writ of *habeas corpus* will be dismissed as untimely filed.

---

[5] Robinson did not, however, date her *habeas corpus* petition.

**Conclusion**

For the reasons set forth above, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d) – and for failure to state a valid *habeas corpus* claim. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 7th day of January, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE